Steven A. Brody (SBN 271616)
stevebrodylaw@gmail.com
**LAW OFFICES OF STEVEN BRODY**
155 North Lake Avenue, Suite 800
Pasadena, CA 91101
Telephone: (213) 290-5294
Facsimile: (213) 403-5323

Attorney for Eduard Gasparyan

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **EDUARD GASPARYAN**, Defendant. | Case No. CR 22-00448-JLS-1 **DEFENDANTS' MOTION FOR RETURN OF PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL EXHIBITS A-C.** Date: 2/21/25 @ 1:30 PM |

Defendant Eduard Gasparyan, by and through counsel, hereby moves this Court for an order returning a watch seized from Mr. Gasparyan during the government's investigation in connection with the above-captioned matter.

//
//
//
//
//
//

i

1   This motion is based on the attached memorandum of points and authorities,
2   the attached exhibits and declaration of counsel, Rule 41 of the Federal Rules of
3   Criminal Procedure, the trial record, all files and records in this matter, and any
4   evidence or argument as may be presented at a hearing on this motion.

Respectfully submitted,

Dated: January 23, 2025

      /s/ *Steven Brody*
STEVEN BRODY
Attorney for Mr. Gasparyan

# MEMORANDUM OF POINTS AND AUTHORITIES

**A. Introduction and summary of facts.**

On February 9, 2024, Mr. Gasparyan was sentenced to 210 months custody following a guilty plea to conspiracy to commit wire fraud in violation of Title 18 U.S.C. § 1349. (ECF 43, 108.)

During the investigation of Mr. Gasparyan's offense, search warrants were executed at defendant's home at 17843 Rinaldi St., Granada Hills, CA. Among the items seized were Mr. Gasparyan's Rolex watch. A receipt for these items, dated September 8, 2022, was given to Mr. Gasparyan after the search. (See Exhibit A, attached hereto.)

Despite numerous requests from defense counsel—the first on August 14, 2024—the government has refused to return the watch, even though the government has provided no evidence connecting it to Mr. Gasparyan's offense, and there is no forfeiture order nor agreement concerning the watch. (See Emails, attached hereto as Exhibit B.) Mr. Gasparyan does not seek the return of any of his other seized property.

The government does not dispute that Mr. Gasparyan owns the watch. However, in an October 17, 2024 email to counsel, AUSA Andrew Brown declined to return the watch because he was "suspicious of the claim that the Rolex was a gift from [Mr. Gasparyan's] father . . . It appears to have been purchased during the time your client was generating huge cash profits from his scheme." (Ex. B at 7.) In a December 2024 phone call with defense counsel, government counsel stated that he did not want to return Mr. Gasparyan's property because "your client is a fraudster and a liar and he's lying to you about where he got the watch." (Dec. of Counsel at ¶ 5.) Government counsel has not provided any evidence to substantiate this claim. Instead he has demanded proof that the watch was not fraudulently obtained, when in fact the burden is on him to establish the contrary. *See United States v. Wright* (9th Cir. 2022) 49 F.4th 1221, 1225 (once

proceedings terminated, government bears the burden of establishing that seized property should not be returned). AUSA Brown further demanded that defense counsel explain how this request falls within the scope of counsel's representation of Mr. Gasparyan, because "it strikes me as wrong to have taxpayers foot the bill for your client's efforts to obtain jewelry." (Ex. B at 15.)

In the spirit of cooperation, the defense has made all reasonable efforts to work with opposing counsel, including providing the attached property receipt as well as a statement from Mr. Gasparyan's mother that the Rolex watch was given to Mr. Gasparyan by his father. (See Exhibit C, attached hereto.) As noted above, Mr. Gasparyan is not seeking return of any other property other than the watch.

It has now been over five months since defense counsel first requested return of the property. During that time, the government has produced no evidence that the watch was obtained improperly. In fact, AUSA Brown sent two federal agents to the home of Mr. Gasparyan's mother on December 12, 2020, to interrogate her and Mr. Gasparyan's sister about the origins of the Rolex watch. AUSA Brown has since failed to respond to the defense's January 3, 2013 request for a copy of the report on that interrogation which AUSA Brown referenced during the December 12, 2020 phone call with defense counsel. (Ex. B at 17.)

The time for the government to act on suspicions and hunches (if ever) was prior to the plea of guilty, when it could have negotiated the forfeiture of the property in question. The prosecutor's suspicions are not a basis to retain the property.

Mr. Gasparyan therefore seeks an order from this Court that his watch be returned forthwith.

**B. This Court has jurisdiction over the matter.**

"A district court has jurisdiction to entertain motions to return property seized by the government [even] when there are no criminal proceedings pending

against the movant." *United States v. Martinson* (9th Cir. 1987) 809 F.2d 1364, 1366–1367.

### C. The government has the burden to establish that the property should not be returned.

In our constitutional system, "[g]overnment confiscation of private property is disfavored." *Wright*, *supra*, 49 F.4th at 1225, (quoting *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1068 (9th Cir. 1994)). Therefore, ordinarily, property seized for purposes of a trial that is neither contraband nor subject to a forfeiture statute must be returned to the defendant at the end of the trial. *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060–61 (9th Cir. 1991).

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Once proceedings have been terminated, the defendant has no obligation to show that the search and seizure was unlawful. *See Wright*, 49 F.4th at 1225, fn 1 (citing *Van Cauwenberghe II*, 934 F.2d at 1060 ("A Rule 41[(g)] motion may be granted after trial 'regardless and independently of the validity or invalidity of the underlying search and seizure.'")).

"The burden of proof on a Rule 41(g) motion depends on when the defendant files the motion." *Wright*, 49 F.4th at 1225 (citing *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014)). When the government needs the property for evidentiary purposes, either because investigation is ongoing or trial is imminent, "the movant bears the burden of proving both that the [property's]

3

seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). "**But the burden shifts once criminal proceedings conclude or the government abandons its investigation**." *Wright*, 49 F.4th at 1225 (emphasis added). "Because the property here is no longer needed as evidence, [Mr. Gasparyan], as the person from whom the property was seized, is presumptively entitled to lawful possession, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Id*. As the Ninth Circuit explained in *Wright*:

> Our precedent recognizes a limited set of circumstances where the government will have a "legitimate reason" to retain property no longer needed as evidence. First, the government may establish that the property is contraband. *Gladding*, 775 F.3d at 1152. Second, the government may establish that the property is subject to forfeiture. Id. Finally, the government may rebut the presumption that the defendant is entitled to lawful possession of the property.

49 F.4th at 1226 (internal citations omitted); *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005).

**D. The government must return Mr. Gasparyan's property because it cannot show grounds for retaining it.**

The government does not dispute that the watch belongs to Mr. Gasparyan. The law therefore establishes that Mr. Gasparyan is presumptively entitled to its return. The government has never produced any legitimate reason to retain the watch aside from his suspicions that Mr. Gasparyan is lying about its origin. This is plainly insufficient under the law. The property must be returned.

//

//

4

1  Dated: January 23, 2025            Respectfully submitted,
2
3                                            /s/ *Steven Brody*
                                     STEVEN BRODY
4                                    Attorney for Mr. Gasparyan
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **DECLARATION OF COUNSEL**

I, Steven Brody, declare as follows:

1. I represent Mr. Gasparyan as CJA counsel in his pending appeal before the Ninth Circuit in USA v. Gasparyan, No. 29-968.
2. Attached hereto as Exhibit A is a true copy of a receipt for property seized from Mr. Gasparyan that I received from Mr. Gasparyan's sister on October 9, 2024, via email.
3. Attached hereto as Exhibit B is a true copy of email communications between the undersigned and AUSA Andrew Brown regarding the return of Mr. Gasparyan's property.
4. Attached hereto as Exhibit C is a true copy of a letter signed by Mr. Gasparyan's mother regarding his Rolex watch that was sent to defense counsel by Mr. Gasparyan's sister on November 13, 2024.
5. On December 20, 2024, I spoke with AUSA Andrew Brown via phone at which time he told me that he did not want to return the Rolex watch seized from Mr. Gasparyan because "your client is a fraudster and a liar and he's lying to you about where he got the watch."
6. During that same phone conversation, AUSA Brown stated that he had sent federal agents to interview Mr. Gasparyan's mother and sister about the watch. When asked what the agents reported, AUSA Brown said he did not have the report in front of him but he believed Mr. Gasparyan's mother "knew about some watches but not that specific watch."
7. On January 3, 2025, defense counsel emailed government counsel requesting a copy of any report produced in connection with the December 20, 2024 interview of defendant's mother and sister. As of the time of this filing, the government has not responded to that request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true to the best of my knowledge. Executed on January 23, 2025.

/s/ *Steven Brody*
STEVEN BRODY
Attorney for Mr. Gasparyan